## AYERS v. JONES.

### Opinion delivered December 23, 1907.

1. JUDGMENT—OFFER TO CONFESS.—A statement by defendant's attorney that defendants were willing to confess judgment in favor of plaintiff for the amount they owed him as shown by their books is not an offer to confess judgment for a certain amount. (Page 30.)

2. COSTS—EFFECT OF ABANDONMENT OF OFFER TO CONFESS JUDGMENT.— Where a defendant offers to confess judgment for a certain amount, and subsequently appeals from a judgment for less than that amount, he will be deemed to have abandoned the offer, and can not thereafter avail himself of it to avoid subsequent costs. (Page 30.)

Appeal from Howard Circuit Court; *W. V. Tompkins,* Special Judge; reversed.

*W. P. Feazel,* for appellant.

1. Under the statute appellant here was entitled to judgment in the circuit court for his costs, his recovery in that court being equal to or greater than the judgment recovered in the justice's court. Kirby's Digest, § § 983, 984.

2. If there was any offer to confess judgment in the justice's court, appellees here waived or abandoned the same by appealing to the circuit court.

*Sain & Sain,* for appellees.

Appellees were entitled to the benefits arising from their offer to confess judgment for the amount shown to be due by their books, and on appellee's refusal in circuit court to accept same costs were rightfully adjudged against him. Kirby's Dig. § § 4655, 6283-4.

BATTLE, J.   F.  T.  Ayers  commenced  an  action  against Jones & Merrill, before a justice of the peace, W. L. Shofner, on an account for fifty dollars.  He filed an affidavit with the justice, stating that his claim against the defendants, Jones & Merrill, was for money due on open account for logs furnished the defendants at their request, that it was a just claim, and that he ought to recover thereon the sum of $50.00; and that the defendant had sold, conveyed or otherwise disposed of their property with the fraudulent intent to cheat, hinder and delay their creditors, or that they were about to sell or dispose of their property with such intent.  Upon this affidavit what is called by the plaintiff an attachment was issued, directed to a constable, which was returned by him duly served.  On the return day of the writ and summons Jones & Merrill filed an affidavit for change of venue, which was granted, and the cause was transferred to W. O. Dorsey, justice of the peace in another township.  On the 21st day of September, 1906, the cause coming on for trial, the justice of the peace rendered judgment in favor of the plaintiff and against the defendants for $32.50, and dissolved the attachment.  On the 14th of October, 1906, Jones & Merrill took an appeal to the circuit court, filing an affidavit and supersedeas bond for that purpose.  On the 21st of February, 1907, in the trial of the issues in the case in the circuit court, judgment was rendered in favor of the plaintiff and against the defendants for the sum of $32.79.  On the same day Jones & Merrill moved the court to retax the costs in the case by adjudging all the costs against the plaintiff for the reason that they (defendants) had offered to confess judgment in his favor for as much as he had recovered, $32.79.  Upon this motion the following testimony was introduced:

D. B. Sain, the attorney for Jones & Merrill, testified that in going into trial before the justice of the peace he stated to the court that they, defendants, were willing to confess judgment in favor of the plaintiff for the amount they owed him as shown by their books.  W. O. Dorsey, the justice before whom the trial was had, testified that D. B. Sain said to him that he *expected* judgment to be rendered against the defendants.  W. D. Lee, the attorney of plaintiff, testified that he heard the statement of D. B. Sain to the jury (that was before the justice of

the peace)., and his recollection is that the statement was that they were *willing* to concede that the defendants owed plaintiff as much as shown by their books.

The record in this case fails to show any offer to confess judgment. The books of the defendants showed that they owed plaintiff $32.79. The circuit court taxed the plaintiff with all the costs in the case, and he appealed.

Appellees, Jones & Merrill, did not offer to confess judgment. Their attorney, in his statement of their case to the jury, expressed a willingness to confess judgment for the amount shown by their books to be due the appellants, or, as the justice before whom the issues in the case were tried stated it, he *expected* judgment to be rendered against them for that amount. A mere willingness or expectation is not sufficient. There must be an offer to confess judgment for a certain amount.

Then, again, if they made such a tender, they failed to "keep it good," because they appealed from the judgment, which they say they offered to confess, to the circuit court. If they had offered to confess judgment, they thereby abandoned it. Their conduct is inconsistent with their contention.

Reverse and remand with directions to the court to render judgment in accordance with this opinion.